McGREGOR W. SCOTT
United States Attorney
DAWRENCE W. RICE, JR.
Assistant U.S. Attorney
3654 Federal Building
1130 "O" Street
Fresno, California 93721
Telephone: (559) 498-7272

IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | CR. F. 04-5153 AWI |
| Plaintiff, ) | |
| v. ) | PLEA AGREEMENT |
| VOLODIA AKOPIAN, ) | |
| Defendant. ) | |

I.

INTRODUCTION

A. **Scope of Agreement:** The Indictment in this case charges the defendant with Possession of Stolen Firearm, in violation of 18 U.S.C. § 922(j); Possession of Firearm with Obliterated Serial Number, in violation of 18 U.S.C. § 922(k); and, Possession of Silencer, in violation of 26 U.S.C. § 5861(d). This document contains the complete Plea Agreement between the United States Attorney's Office for the Eastern District of California and the defendant regarding this case. This Plea Agreement is limited to

1

1  the United States Attorney's Office for the Eastern District of
2  California and cannot bind any other federal, state, or local
3  prosecuting, administrative, or regulatory authorities.
4        B.   **Court Not a Party:**  The Court is not a party to this Plea
5  Agreement.  Sentencing is a matter solely within the discretion of
6  the Court, the Court is under no obligation to accept any
7  recommendations made by the government, and the Court may in its
8  discretion impose any sentence it deems appropriate up to and
9  including the statutory maximum stated in this Plea Agreement.  If
10 the Court should impose any sentence up to the maximum established
11 by the statute, the defendant cannot, for that reason alone,
12 withdraw his guilty plea, and he will remain bound to fulfill all of
13 the obligations under this Agreement.  The defendant understands
14 that neither the prosecutor, defense counsel, nor the Court can make
15 a binding prediction or promise regarding the sentence he will
16 receive.
17       The defendant understands that the United States Probation
18 Office is also not a party to this agreement and will conduct an
19 independent investigation of the defendant's activities and his
20 background and prepare a report which it will submit to the Court as
21 its own sentencing recommendation.  In addition, the government will
22 fully appraise the Probation Office, as well as the Court, of the
23 full and true nature, scope and extent of the defendant's criminal
24 activities concerning the charges to which the defendant is entering
25 a plea of guilty, including activities which may not have been
26 charged in the Indictment which may or will be dismissed.
27 ///
28

**C. Nature, Elements and Possible Defenses:** The defendant has read the charges against him contained in the Indictment in this case, and the charges have been fully explained to him by counsel. Further, the defendant fully understands the nature and elements of the crimes with which he has been charged, together with the possible defenses thereto, and has discussed them with counsel.

The defendant understands that in order to prove him guilty of the charge of possession of a silencer, the government must prove each of the following elements beyond a reasonable doubt:

First, the defendant knowingly possessed a silencer; and, Second, the silencer was not registered to him in the National Firearms Registration and Transfer Record.

## II.

### DEFENDANT'S OBLIGATIONS

**A. Guilty Plea:** The defendant will plead guilty to Count Three of the Indictment charging him with Possession of Silencer, in violation of 26 U.S.C. § 5861(d). The defendant agrees that he is in fact guilty of this charge and that the facts set forth in the Factual Basis attached hereto as Exhibit A are accurate.

**B. Time Credits:** The defendant understands that the government will agree to recommend that the defendant be given credit for the time he spent in state custody in Los Angeles Superior Court case No. BA 256005. The charge of possession of a silencer to which the defendant is pleading guilty in CR. F. 04-5152 AWI was also charged in state court in Los Angeles County Superior Court Case No. BA 256005. The defendant was in custody on the possession of a silencer charge and a state murder charge from the date of his

3

1 arrest on November 3, 2003, until he was released on bond on the
2 federal possession of a silencer charge in CR. F. 04-5152 AWI.  The
3 state murder charge and state possession of silencer charge were
4 dismissed at the preliminary hearing in Los Angeles County Superior
5 Court in July of 2004.  The defendant acknowledges, however, that
6 the government has advised him that time credit computations as to
7 his sentence will be made by the Bureau of Prisons.

### III.

### THE GOVERNMENT'S OBLIGATIONS

A. **Recommendations:**

   1. **Incarceration:**  The government agrees to recommend that the defendant be sentenced to the low end of the applicable sentencing guideline range.

   2. **Acceptance of Responsibility:** The government agrees to recommend that the defendant receive a three level reduction in offense level for acceptance of responsibility under U.S.S.G. § 3E1.1.

   3. **Time Credits:** The government agrees to recommend that the Defendant be given credit for the time he spent in state custody in Los Angeles County Superior Court Case No. BA 256005.  The charge of possession of a silencer to which the defendant is pleading guilty in CR. F. 04-5152 AWI was also charged in state court in Los Angeles County Superior Court Case No. BA 256005.  The defendant was in custody on the possession of a silencer charge and a state murder charge from the date of his arrest on November 3, 2003, until he was released on bond on the federal possession of a silencer charge in

CR. F. 04-5152 AWI. The state murder charge and state possession of silencer charge were dismissed at the preliminary hearing in Los Angeles County Superior Court in July of 2004. The government has advised the defendant that time credit computations are made by the Bureau of Prisons.

## IV.

## MAXIMUM SENTENCE

**A. Maximum Penalty:** The maximum potential sentence which the Court could impose in this case is ten years imprisonment, a period of supervised release of three years, a fine of $250,000, and a special assessment of $100.

The following are the potential sentences the defendant faces in this case on Count Three for Possession of Silencer, in violation of 26 U.S.C. § 5861(d):

    (a)    Imprisonment.

           Mandatory minimum:   None.

           Maximum:   Ten (10) years.

    (b)    Fine.

           Maximum:   $250,000.

    (c)    Both such fine and imprisonment.

    (d)    Term of Supervised Release.

           Maximum: Three (3) years.

           (Should the defendant violate any of the terms of his supervised release, he can be returned to prison for the period of supervised release actually imposed by the court or two years, whichever is less.)

///

(e) Penalty Assessment.

Mandatory: $100.

## V.

## SENTENCING DETERMINATION

A.  **Statutory Authority:**  The defendant understands that the Court must consult the Federal Sentencing Guidelines (as promulgated by the Sentencing Commission pursuant to the Sentencing Reform Act of 1984, 18 U.S.C. §§ 3551-3742 and 28 U.S.C. §§ 991-998, and as modified by United States v. Booker and United States v. Fanfan, 2005 WL 50108 (Jan. 12, 2005)), and must take them into account when determining a final sentence.  Defendant understands that the Court will determine a non-binding and advisory guideline sentencing range for this case pursuant to the Sentencing Guidelines.  Defendant further understands that the Court will consider whether there is a basis for departure from the guideline sentencing range (either above or below the guideline sentencing range) because there exists an aggravating or mitigating circumstance of a kind, or to a degree, not adequately taken into consideration by the Sentencing Commission in formulating the Guidelines.  Defendant further understands that the Court, after consultation and consideration of the Sentencing Guidelines, must impose a sentence that is reasonable in light of the factors set forth in 18 U.S.C. § 3553(a).

## VI.

## WAIVERS

A. **Waiver of Constitutional Rights:**  The defendant understands that by pleading guilty he is waiving the following constitutional

rights: (a) to plead not guilty and to persist in that plea if already made; (b) to be tried by a jury; (c) to be assisted at trial by an attorney, who would be appointed if necessary; (d) to confront and cross-examine witnesses against him; and, (e) not to be compelled to incriminate himself.

   **B.  Waiver of Appeal and Collateral Attack:** The defendant understands that the law gives him a right to appeal his conviction and sentence. He agrees as part of his plea, however, to give up this right.

   The defendant also gives up any right he may have to bring a post-conviction attack on his conviction or his sentence. He specifically agrees not to file a motion under 28 U.S.C. § 2255 or § 2241 attacking his conviction or sentence.

   If the defendant's conviction on the charge to which he is pleading guilty is ever vacated at the defendant's request, or his sentence is ever reduced solely at his request over the government's objection, the government shall have the right to prosecute the defendant on the charges to which he pleaded guilty and any charges which were dismissed or not filed. The decision to pursue this option is solely in the discretion of the United States Attorney's Office. By signing this agreement, the defendant agrees to waive any objections, motions, and defenses he might have to the government's decision. In particular, he agrees not to raise any objections based on the passage of time with respect to such charges including, but not limited to, any statutes of limitation or any objections based on the Speedy Trial Act or the Speedy Trial Clause of the Sixth Amendment.

**C.   Waiver of Attorneys' Fees and Costs:** The defendant agrees to waive all rights under the Hyde Amendment, Section 617, P.L. 105-119 (Nov. 26, 1997), to recover attorneys' fees or other litigation expenses in connection with the investigation and prosecution of all charges in the above-captioned matter and of any related allegations.

## VII.

### ENTIRE PLEA AGREEMENT

Other than this Plea Agreement, no agreement, understanding, promise, or condition between the government and the defendant exists, nor will such agreement, understanding, promise, or condition exist unless it is committed to writing and signed by the defendant, counsel for the defendant, and counsel for the United States.

## VIII.

### APPROVALS AND SIGNATURES

**A.   Defense Counsel:** I have read this Plea Agreement and have discussed it fully with my client. The Plea Agreement accurately and completely sets forth the entirety of the agreement. I concur in my client's decision to plead guilty as set forth in this Agreement.

DATED: March 8, 2005

*[signature]*
Naser J. Khoury
Attorney at Law
Counsel for Defendant

**B. Defendant:** I have read this Plea Agreement and carefully reviewed every part of it with my attorney. I understand it, and I voluntarily agree to it. Further, I have consulted with my attorney and fully understand my rights with respect to sentencing. No other promises or inducements have been made to me, other than those contained in this Agreement. In addition, no one has threatened or forced me in any way to enter into this Plea Agreement. Finally, I am satisfied with the representation of my attorney in this case.

DATED: March 8, 2005

*[signature]*
VOLODIA AKOPIAN
Defendant

**C. Attorney for United States:**

I accept and agree to this Plea Agreement on behalf of the government.

DATED: March 9, 2005

McGREGOR W. SCOTT
United States Attorney

By *[signature]*
DAWRENCE W. RICE, JR.
Assistant U.S. Attorney

9

**EXHIBIT "A"**

**Factual Basis for Plea**

On November 3, 2003, Bureau of Narcotics Enforcement agents arrested the defendant in Fresno, California. At the time of his arrest, he was in possession of a silencer for a .22 semiautomatic assault pistol. The silencer was not registered to the defendant in the National Firearms Registration and Transfer Record, in violation of 26 U.S.C. § 5861(d).