```
 1  NASER J. KHOURY (SBN 152907)
    Attorney at Law
 2  14427 Sylvan Street
    Van Nuys, California 91401-2649
 3  (818) 654-0001

 4  DAVID A. ELDEN (SBN 46684)
    Attorney at Law
 5  11377 W. Olympic Blvd., 9th Floor
    Los Angeles, California 90064
 6  (310) 478-3100

 7  Attorneys for Defendant
    VOLODIA AKOPIAN
 8

 9

10              UNITED STATES DISTRICT COURT

11              EASTERN DISTRICT OF CALIFORNIA

12

13  UNITED STATES OF AMERICA,   )   Case No. CR 04-5153-AWI
                                )
14              Plaintiff,      )   DEFENDANT'S RESPONSE TO THE
                                )   PRESENTENCE REPORT AND
15         v.                   )   POSITION RE: SENTENCING
                                )   FACTORS
16  VOLODIA AKOPIAN,            )
                                )   Date:  May 23, 2005
17              Defendant.      )   Court: Hon. Anthony W. Ishii
                                )
18  _____

19       Defendant, VOLODIA AKOPIAN, through counsel, hereby and

20  herewith submits his Response to the Presentence Report and

21  Position Re: Sentencing Factors.

22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28  ///

                              1
```

1  Mr. Akopian respectfully requests the opportunity to make
2 additional comments through counsel at the time of sentencing in
3 this matter.

4 Dated: May 16, 2005                Respectfully submitted,

5                                    NASER J. KHOURY
                                     DAVID A. ELDEN
6

7
                              By     *Naser J. Khoury*
8                                    NASER J. KHOURY
                                     Attorney for Defendant
9                                    VOLODIA AKOPIAN

1       **DEFENDANT AKOPIAN'S RESPONSE TO THE PRESENTENCE**
2              **REPORT AND POSITION RE: SENTENCING**

3    On March 14, 2005, Defendant Volodia Akopian pled guilty to
4 Possession of a Silencer, in violation of 18 U.S.C. §5861(d).  The
5 charge arises from a vehicle search conducted on November 3, 2003.
6 Mr. Akopian was originally arrested by state authorities on the
7 possession of a silencer charge, as well as on Los Angeles Superior
8 Court Case No. BA 256005, both of which have since been dismissed.

9    Mr. Akopian was detained in state custody from November 3,
10 2003 until July 28, 2004, at which time the state charges were
11 dropped.  He was then transferred to federal custody on a federal
12 charge for possession of a silencer, (the same offense as in the
13 dismissed state case) and he was held until August 4, 2004, when he
14 was released on bail and placed on house arrest under the
15 supervision of Pretrial Services.

16    The Probation Office has prepared a Guideline Presentence
17 Report and Recommendation (hereinafter PSR) in which they have
18 calculated a Total Offense Level 15.  This computation is
19 predicated on a Base Offense Level 18 (§2K2.1(a)(5)) and a three-
20 level reduction for Acceptance of Responsibility (U.S.S.G. §3E1.1
21 (a)&(b).  The PSR establishes a Criminal History Category I, which
22 places Defendant Akopian in the guideline sentencing range of 18 -
23 24 months. The Probation Officer recommends that Defendant Akopian
24 be sentenced to 18 months, at the low-term of the range.

25    Defendant Volodia Akopian, through undersigned counsel, has no
26 material objections to either the factual content of the PSR or the
27 Guideline computations contained therein.

28    Defendant Akopian is, however, concerned that the Bureau of

3

Prisons (BOP) may take the view that he is not entitled to receive federal time credit for the almost 9 months he has already served, since the time served was on state charges in a case that has been dismissed. Mr. Akopian, through counsel, therefore requests that the Court take into consideration the time he has already served, and impose a sentence of no more than 9 months in this matter.[1] The Defendant then asks the Court to recommend that he be permitted to serve his sentence under home confinement or community confinement.[2]

The Government is not opposed to the defendant receiving credit for time served. In the written Plea Agreement, the Government agreed to recommend (in addition to a sentence at the low-end of the guideline range) that the defendant receive credit for the time he served in state custody on the same charge.

Additionally, Title 18 U.S.C. §3585(b) states:

> "(b) Credit for Prior Custody.— A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the

---

[1] A sentence of 9 months is derived by subtracting the 273 days of actual time served (approximately 9 months) from the 18 month sentence recommended by the PSR.

[2] In the aftermath of United States v. Booker, U.S. __, 125 S. Ct. 738 (2005) the Sentencing Court, in addition to considering the guidelines [18 U.S.C. §3553(a)(4)&(5)], must also consider the other directives set forth in §3553(a). Thus, under Booker, courts are instructed to regard the Guidelines as just one of a number of considerations to be evaluated and weighed. Among other criteria, §3553 directs courts to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2)," and to consider "the nature and circumstances of the offense and the history and characteristics of the defendant." In this new sentencing environment, the Court is not precluded from imposing a sentencing of probation, home confinement, or a Community Corrections Center simply because a defendant's guideline total offense level may surpass a certain threshold.

4

sentence commences--

(1) as a result of the offense for which the sentence was imposed; or

(2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence."

Volodia Akopian, age 45, is a naturalized citizen of the United States. He was born in the town of Gyumri in Armenia on January 29, 1959. His childhood was characterized by hardship and poverty, as he and his siblings were raised by their widowed mother on her meager earnings as a factory worker. Volodia himself started working at a young age, first on the production line in a textile factory, and later on as a driver with the city's Emergency Response unit. In 1976, he married Agavni nee Khacherian; the couple have been married for 28 years. Over the next few years, they had two children, Anna and Grigor. Agavni Akopian recalls that her husband, unlike many men of his generation and community, was a very gentle and devoted husband and father. The family eked out a modest living on his salary as a driver, and Agavni recalls that their lives were simple, yet happy.

In December of 1988, Gyumri, the city where the Akopians lived, was at the epicenter of one of the worst earthquakes the world has ever seen. An estimated 25,000 people were killed, and over half of the city's structures collapsed. The Akopian family, like thousands of others, were rendered homeless and lost everything they owned.

1  In the aftermath of the earthquake, the Akopian family decided
2  to rebuild their lives in the United States, where Agavni's family
3  had already settled.  Shortly after they arrived, his youngest
4  daughter, Dianna, was born.  Like many immigrant families, the
5  Akopians struggled hard in their early years to cope with a new
6  language and a new culture replete with its own mores.

7  Volodia Akopian has supported his family for the last thirteen
8  years through his hard work, first as a school bus driver in the
9  Pasadena School District, and later as a tour bus driver for a
10 Chinese Tour Company.

11 The Akopian family lived in Van Nuys, California from 1989
12 until 2002, at which time they moved to Fresno to be closer to
13 their older daughter, Anna.  At around this time, Mr. Akopian was
14 also suffering from a problem with a slipped disc, and was in
15 considerable pain.  In Fresno, his family encouraged him to take a
16 break from work, and allow his back to heal. His wife, Agavni,
17 found work as a sales clerk in a tobacco store to support the
18 family.  At the time of his arrest, Mr. Akopian lived in a house
19 owned by his older daughter and her husband, at 1133 West Holland
20 Street, with his wife and fifteen-year-old daughter, Dianna.

21 Defendant Volodia Akopian has strong ties to his community,
22 and has worked hard his entire life to provide his family with a
23 decent and stable life. It is respectfully requested that the Court
24 grant him every consideration in this matter.

25 For all of the foregoing reasons, Defendant Akopian requests
26 the Court to consider the 273 days he has already served in state
27 custody, and to impose a sentence of no more than 9 months. The
28 Court is then requested to recommend that Defendant Akopian be

committed to home or community confinement. Such a sentence will serve the purpose of punishment and deterrence while permitting Mr. Akopian to be reunited with his family, particularly his impressionable teenage daughter who depends on him heavily for emotional support and guidance.

Dated: May 16, 2005                    Respectfully submitted,

                                        NASER J. KHOURY
                                        DAVID A. ELDEN

                                By      */s/ Naser J. Khoury*
                                        NASER J. KHOURY
                                        Attorney for Defendant
                                        VOLODIA AKOPIAN

## PROOF OF SERVICE

STATE OF CALIFORNIA      )
                         ) ss.
COUNTY OF LOS ANGELES    )

I, LISA MAXEY, declare:

I am employed in the County of Los Angeles, State of California. I am over the age of 18 years of age and not a party to the within action; my business address is 701 E. Third Street, Suite 240, Los Angeles, California 90013.

On May 18, 2005, I caused the foregoing document described as:

**DEFENDANT'S RESPONSE TO THE PRESENTENCE REPORT AND POSITION RE: SENTENCING FACTORS**

to be served upon the interested parties in this action by Federal Express overnight delivery:

    Dawrence Rice
    Assistant United States Attorney
    United States Attorney's Office
    1130 O Street, Room 3654
    Fresno, California 93721
    (559) 498-7272

    Jose Pulido
    United States Probation Officer
    United States Probation Office
    1130 O Street, Room 1000
    Fresno, California 93721
    (559) 498-7477

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of May, 2005, at Los Angeles, California.

_/s/ L. Maxey_
LISA MAXEY